UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| THOMAS JOSEPH BREWER, | * | CIV 20-5042 |
| | * | |
| Petitioner, | * | |
| | * | MEMORANDUM |
| vs. | * | AND ORDER |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Petitioner's Motion for a Certificate of Appealability, (Doc. 23), which the Government resists (Doc. 26). For the reasons set forth below, the court grants Petitioner's Motion.

1. Background

In 2017, Petitioner pleaded guilty to Voluntary Manslaughter, 18 U.S.C. §§1112, 1153, and to discharge of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii). He was sentenced to consecutive terms of 97 months for the manslaughter and 120 months for the firearms offense. His appeal to the Eighth Circuit was dismissed on December 15, 2017.

In 2020, Brewer filed a motion to reduce sentence, citing *United States v. Davis*, \_\_\_U.S.\_\_,139 S.Ct. 2319 (2019), which deemed the residual clause of 18 U.S.C. § 924(c)(3) unconstitutionally vague, rendering convictions under that section constitutional only if they fit the force clause (elements clause) of that statute. In the following case of *Borden v. United States*, the Court held that reckless conduct does not satisfy the element of force under 18 U.S.C. § 924(c)(3)(A). 141 S.Ct. 1817 (2021).

In *United States v. McCoy*, which preceded *Borden,* the Eighth Circuit held that Voluntary Manslaughter is a crime of violence. 960 F.3d 487, 490 (8th Cir. 2020). Therefore, despite the intervening decision in *Borden*, this Court relied on Eighth Circuit precedent, and held that for purposes of the enhanced penalty under § 924(c), Voluntary Manslaughter is a crime of violence

when the recklessness involved in the offense establishes the "depraved heart" state of mind. (Doc. 21).

As noted in Petitioner's brief, however, not all jurists have accepted this conclusion. In *United States v. Begay*, 33 F. 4th 1081, 1090 (9th Cir. 2022) (*en banc*), three judges dissented from the court's holding that Voluntary Manslaughter is a crime of violence. 33 F. 4th at 1098-99 (Wardlaw, J., dissenting); *id.* at 1099-1107 (Ikuta, J., joined by Vandyke, J., dissenting).

2. Legal Standard

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has held that when a district court has rejected a petitioner's claims on the merits, the petitioner must show that "reasonable jurists" would find the district court's assessment of the constitutional claims "debatable or wrong." *Feather v. United States*, 2020 WL 5517198, *16 (D.S.D. 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Furthermore, a certificate of appealability will not be granted simply because a petitioner meets a standard of good faith and argues a non-frivolous issue. *See Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994). The movant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Winters v. United States*, 2016 WL 4703651, *3 (D.S.D. 2016) (quoting *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997)).

The Government argues a Certificate of Appealability is inappropriate in this case (Doc. 26) because an Eighth Circuit panel cannot overrule precedent. *Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002). The Court recognizes that authority but does not view it as precluding issuance of a COA that complies with the standard of 28 U.S.C. § 2253.

3. Analysis

In Brewer's § 2255 proceeding this Court concluded as follows: "The elements of Voluntary Manslaughter are an intentional killing in the heat of passion with a state of mind more culpable than

ordinary recklessness, such as depraved heart or extreme recklessness. Therefore, Voluntary Manslaughter is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." (Doc. 21).

In its analysis, the Court referred to *Janis v. United States*, 2022 WL 1500691 (D.S.D. 2022) (Second-degree Murder) and *United States v. Thompson*, 2022 WL 138524 (D. Minn. 2022) (Voluntary Manslaughter), in which the courts had reached similar conclusions on similar facts following the decision in *Borden*. The Court notes that a COA issued from the court in *Janis*, 2022 WL 2656747 (D.S.D. 2022), although in *Thompson*, the court declined to issue one. This Court concurs with the reasoning of *Janis* that a COA is appropriate to enable the Eighth Circuit to resolve any remaining question whether Voluntary Manslaughter is a crime of violence under § 924(c)(3) because the issue is "debatable among reasonable jurists."

Accordingly, IT IS ORDERED that Petitioner Thomas Joseph Brewer's Motion for a Certificate of Appealability (Doc. 23) is granted.

TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:
Petitioner pleaded guilty to Voluntary Manslaughter, in violation of 18 U.S.C. §§ 1112, 1153, and Discharge of a Firearm During the Commission of a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(iii) in the United States District Court for the District of South Dakota, 5:16-cr-50174. Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, contending that Voluntary Manslaughter is not a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A) following the decision in *Borden v. United States*, 141 S.Ct. 1817(2021). This Court granted the Government's Motion to Dismiss Petitioner's claim, F.R.C.P. 12(b)(6). (Doc. 21).

In accordance with 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Because the question in Petitioner's § 2255 proceeding remains debatable among reasonable jurists, the Petitioner has made the requisite substantial showing of the denial of a constitutional right.

IT IS HEREBY CERTIFIED that there exists probable cause of an appealable issue with respect to the Court's granting of the United States' Motion to Dismiss the Petitioner's Motion pursuant to 28 U.S.C. § 2255.

Dated this 22nd day of November, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK